10-2807-ag
Hasan v. Holder

BIA
Montante, IJ
A098 930 131

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of September, two thousand eleven.

PRESENT:
   JON O. NEWMAN,
   JOSÉ A. CABRANES,
   RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

_____

ABED HASAN,
   *Petitioner,*

   v.           10-2807-ag
               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:  Saleem S. Rizvi, New York, New York.

FOR RESPONDENT:  Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Holly M. Smith, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abed Hasan, a native and citizen of Pakistan, seeks review of a June 18, 2010, order of the BIA affirming the July 23, 2008, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abed Hasan* No. A098 930 131 (B.I.A. June 18, 2010), *aff'g* No. A098 930 131 (Immig. Ct. Buffalo July 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Hasan raises the following three challenges to the BIA's burden of proof finding: (1) the IJ failed to admit some of the evidence he proffered; (2) the IJ gave

2

insufficient weight to the evidence he did submit; and (3) he provided adequate corroborating documents to support his claim. The first two of those challenges are unexhausted because Hasan did not raise them before the BIA. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). However, the third challenge is exhausted as it was the basis for the BIA's decision. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008).[1]

Substantial evidence supports the BIA's determination that Hasan failed to meet his burden of proof as to his eligibility for asylum based on his Shia religion and his involvement with a Shia welfare organization. The BIA reasonably concluded that Hasan had not sufficiently corroborated his claim because he did not provide: (1) letters or affidavits from his family members living in the United States; (2) information regarding his Canadian asylum application; (3) information about the existence of, or his membership in, the Shia welfare organization; and (4) letters from the friends with whom he stayed while

---

[1] We do not consider Hasan's challenges to the IJ's adverse credibility determination, or his finding that Hasan's asylum application was not timely filed, because the BIA did not rely on those findings in its decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

hiding in Pakistan. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) (providing that corroboration may be expected where "reasonably available" even where testimony is credible).

With respect to the affidavits from family members and documentation regarding his Canadian asylum application, Hasan admitted that he could have obtained those documents. He does not assert that the evidence was unavailable, and was unable to provide adequate explanations for his failure to present those documents at his merits hearing. 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 198 n.6 (stating that the alien bears the ultimate burden of introducing such evidence without prompting from the IJ). Furthermore, Hasan does not specifically challenge the agency's finding that he failed to provide corroboration regarding the welfare organization or letters from any of his friends or relatives remaining in Pakistan, and he does not assert that he attempted to obtain those documents or was unable to do so. We have held that the agency's designation of missing corroboration need not be done prior to the disposition of an alien's claim. *See Chuilu,* 575 F.3d at 198-99; *see also* 8 U.S.C. § 1158(b)(1)(B)(ii). Accordingly, as the BIA reasonably concluded, Hasan failed

4

to meet his burden of proof because he did not sufficiently corroborate his claim based on his Shia religion. *See* 8 U.S.C. § 1158(b)(1)(B)(ii)*; Chuilu*, 575 F.3d at 196-97.

Because Hasan failed to establish his eligibility for asylum, he necessarily was unable to meet the higher standard to establish his eligibility for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). The BIA applied the correct legal standard to Hasan's CAT claim, as it considered whether there was a likelihood that Hasan would be tortured either by the government or with the government's acquiescence. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second

Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk